# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL O. GOMEZ,<br><br>                Petitioner,<br>vs.<br><br>JEFFREY FAGOT, Regional Administrator, Adult Parole Operations, Region 4,<br><br>                Defendant. | CASE NO. 06-CV-2411-H-CAB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO AMEND PETITION TO ADD CLAIM SEEKING TO AMEND PAROLE CONDITION |

On January 11, 2007, petitioner Marcel O. Gomez ("Petitioner"), a state prisoner proceeding pro se, filed a first amended petition for writ of habeas corpus ("FAP") pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of counsel and that his guilty plea was involuntary. (Doc. No. 7.) On February 13, 2007, Petitioner filed a motion entitled "Second Amended Motion for Modification of Parole Condition," seeking to have the Court amend Petitioner's parole condition to eliminate the requirement that he not possess or access a computer with a modem without prior approval of his parole officer. (Doc. No. 15.) The magistrate judge construed this motion as a motion to amend the FAP. On April 11, 2007, respondent Jeffrey Fagot ("Respondent") filed an opposition to the motion to amend the FAP. (Doc. No. 19.) On July 6, 2007, the magistrate judge filed a report and recommendation that

Petitioner's motion to amend the FAP be denied. Petitioner did not file an objection to the report and recommendation. For the following reasons, the Court **ADOPTS** the report and recommendation and **DENIES** Petitioner's motion to amend the FAP.

## **Background**

On August 6, 2003, Petitioner pled guilty to having unlawful sexual intercourse with a minor more than three years younger than himself and disobeying a court order after having sex with a 16-year-old girl he met in an Internet chat room. (Lodgment 1, at 6-8, 11.) Gomez was placed on five years probation and ordered to register as a sex offender. (Id. at 22-24.) Petitioner has also been ordered not to possess or access a computer with a modem without the prior approval of his parole officer. (Petr.'s Second Amended Mot. for Modification of Parole Condition ("Petr.'s Mot."), at 5.)

On January 11, 2007, Petitioner filed his FAP alleging that he received ineffective assistance of counsel and that his guilty plea was involuntary. (FAP, at 6-7.) On February 13, 2007, Petitioner filed a motion seeking to have the Court amend Petitioner's parole conditions to eliminate the requirement that he not possess or access a computer with a modem without prior approval of his parole officer. (Petr.'s Mot. at 1.) Petitioner argues that this condition denies him the right of "full" access to the courts. (Id.) On July 6, 2007, the magistrate judge, construing the motion as a motion to amend the FAP, filed a report and recommendation that Petitioner's motion to amend the FAP be denied.

## **Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). A district court should freely grant leave to amend a complaint when justice so requires. See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). A district court need not grant leave to amend, however, where the amendment prejudices the opposing party, is sought in bad faith, produces an undue delay in

litigation, or is futile. See id.

Here, justice does not require allowing Petitioner to amend his complaint to add a claim to allow Petitioner to eliminate the requirement that he not possess or access a computer with a modem without prior approval of his parole officer because such a claim would be futile. The probationary restriction is logically related to the offense Petitioner was found guilty of, unlawful sexual intercourse with a minor Petitioner met in an Internet chat room. Furthermore, the restriction does not preclude Petitioner from being able to perform legal research regarding his habeas petition as Petitioner is not restricted from using legal texts or legal software on computers without a modem. In addition, a habeas petition is not an appropriate means to seek to challenge a condition of confinement, such as Petitioner is seeking here. See Heck v. Humphrey, 512 U.S. 477, 481 (1994); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, the Court denies Petitioner's motion to amend his habeas petition to add a claim seeking to eliminate the requirement that he not possess or access a computer with a modem without prior approval of his parole officer.

## Conclusion

For the reasons discussed, the Court **ADOPTS** the report and recommendation and **DENIES** Petitioner's motion to amend the FAP.

IT IS SO ORDERED.

DATED: August 15, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.